United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ASSIMA BARON TERRI,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-03176** |
| | § | |
| **MARTIN FRINK, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Assima Baron Terri's Petition for Writ of Habeas Corpus (ECF No. 1) and Government's Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment (ECF No. 7). After considering the briefing and applicable law, the Court hereby **GRANTS** Petitioner's Petition for Writ of Habeas Corpus. Respondents' Motion for Summary Judgment is **DENIED**.

Petitioner Assima Baron Terri, a citizen of Russia with origins in Cameroon, has been in ICE detention since December 17, 2024—nearly 600 days. ECF No. 7 at 2. He applied for asylum and withholding of removal, but his request was denied on June 10, 2025. *Id.* On July 5, 2025, Petitioner was ordered removed to Russia or, in the alternative, to Cameroon. *Id.* Petitioner appealed the removal order to the Board of Immigration Appeals, which dismissed his appeal on January 21, 2026. *Id.* at 3. His removal order became final on that date, and he has now been in post-removal custody for over six months. Respondents seek to remove Petitioner to Cameroon, but they have not yet obtained the travel documents necessary to effectuate his removal. *Id.* at 6; ECF No. 11.

The Immigration and Nationality Act ("INA") typically allows the United States Government ("the Government") ninety days to remove a noncitizen following an order of removal. 8 U.S.C. § 1231(a)(1). This "removal period" begins when a removal order "becomes administratively final;" when a court, having stayed removal pending review, issues its final order; or when the noncitizen is released from non-immigration detention. *Id.* If more than one of these conditions applies, the "latest" date controls. *Id.* The ninety-day period may be "extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.*[1] The Government may also keep a person in prolonged custody if they present certain dangers to the community or are "unlikely to comply with [their] order of removal." 8 U.S.C. § 1231(a)(6).

After six months of post-removal custody, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) at 690, 701. Under *Zadvydas v. Davis*, if a noncitizen who has been detained for over six months "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. In the event it cannot, the individual must be released. *See id.* at 700.

Here, Petitioner has been in post-removal order detention for over six months, now beyond the *Zadvydas* period. Because Respondents do not have travel documents which would allow Petitioner's removal, there is "good reason to believe" Petitioner's removal is not reasonably

[1] Petitioner fled Russia, and he objects to signing passport application which would allow Respondents to seek Russian travel documents on his behalf. *See* ECF No. 12. Because Respondents have chosen to pursue Petitioner's removal to Cameroon and Petitioner has been cooperative in that process, the Court finds this factor has no bearing on instant Petition.

foreseeable. Respondents have failed to rebut this showing. The Court concludes that Petitioner's ongoing detention contravenes the INA and *Zadvydas*. Accordingly, the Court hereby **GRANTS** the Petition and **ORDERS** Petitioner's immediate release from custody.

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify a family member or other person of Petitioner's choosing of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents shall not re-detain Petitioner under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Petitioner's appeal is resolved and Respondents have obtained a travel document allowing for Petitioner's removal from the United States.
5. Respondents shall update the Court on the status of Petitioner's release on or before August 7, 2026.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on August 4, 2026

Keith P. Ellison
United States District Judge